PER CURIAM.
The appellee, Wagner, had begun working for the corporate appellant some years ago. The corporation conducts economic studies for savings and loan associations and certain other banks, obtaining information and statistics for its clients’ use in their operations. Wagner advanced in his responsibilities and position with the corporation while working there. Toward the end of 1969, however, certain disagreements arose between Wagner and the corporation which terminated in Wagner’s withdrawal as an employee.
Subsequently, Wagner established a business of his own which directly competed with the corporation. The appellant thereafter filed a complaint applying therein for a temporary injunction to enjoin Wagner from competing in their field of business. After a final hearing on the application for the temporary injunction, the court found as follows:
“THIS CAUSE came on for hearing before the undersigned Circuit Judge on Plaintiff’s application for temporary injunction contained in its Complaint. Plaintiff did not seek in this hearing to enforce the agreement not to compete alleged by it to be predicated upon an agreement assertedly made in a joint meeting of stockholders and directors, as to which Plaintiff concedes there is a direct conflict in testimony which will have to be resolved at a subsequent hearing with full testimony. Plaintiff sought, instead, to enjoin competition by Defendant with Plaintiff, so long as Defendant remains a director of the Plaintiff corporation; alternatively, to enjoin Defendant from doing supplemental reports and presentations for certain designated clients allegedly under contract and from interfering with the Plaintiff’s business relationship with its customers. Plaintiff’s election not to rely upon an agreement precludes this Court from entering an injunction under Fla.Stat. Sec. 542.12 (2). The Court having considered the pleadings and evidence, it is
“ORDERED AND ADJUDGED that:
“1. Plaintiff’s application for temporary injunction is denied.
“2. This Order is without prejudice to a later application predicated upon any asserted agreement not to compete.
“3. This Order is without prejudice to a later application based upon a showing *116 of Defendant’s inability to respond to a money judgment; to require all fees earned by Defendant from clients of Plaintiff, after his termination as an employee of Plaintiff, to be placed into the Registry of Court or an interest-bearing account being maintained in this action, to abide the outcome of the final hearing herein.”
We have carefully reviewed the record and the applicable law and conclude that the chancellor committed no error when he entered his order denying the temporary injunction.
Therefore, the interlocutory order appealed is hereby affirmed.